IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

MARGARET BAYLEY,

      Plaintiff,

  v.

AMERICAN AIRLINES, INC., a Delaware corporation, d/b/a AMERICAN AIRLINES, AMERICAN AIRLINES CARGO, GREG GRIFFIN and DOES 1 to 10, inclusive,

      Defendants.
_____/

No. C 05-644 CW

ORDER DENYING LEAVE TO FILE FIRST AMENDED COMPLAINT

    Plaintiff Margaret Bayley moves for leave to file a First Amended Complaint (FAC) adding Mike Baum as a defendant. Defendant American Airlines, Inc., opposes the motion. The matter was heard on July 8, 2005. Having considered all of the papers filed by the parties and oral argument on the motion, the Court DENIES Plaintiff's motion.

## BACKGROUND

    In her original Complaint, filed in San Francisco County Superior Court on December 21, 2004, Plaintiff brought claims of disability discrimination and retaliation in violation of California's Fair Employment and Housing Act (FEHA) against her former employer, Defendant, and her alleged supervisor, Greg Griffin. Plaintiff also alleged that Does 1-10 "are responsible in some way for the occurrences herein alleged and Plaintiff's damages

as herein alleged."  Complaint ¶ 4.  No other specific allegations were brought against Doe defendants.

Plaintiff seeks to name Mr. Baum, another supervisor at American, because she alleges he illegally retaliated against her by refusing to reinstate her with reasonable accommodation for her disability.  The Court has approved a stipulated dismissal of Plaintiff's claims against Mr. Griffin, who she originally alleged was the individual who refused to reinstate her.

The Court grants Defendant's request for judicial notice of Plaintiff's two administrative charges with the Equal Employment Opportunity Commission (EEOC) and California Department of Fair Employment and Housing (DFEH), as well as the DFEH right-to-sue letters.  Plaintiff's initial administrative claim of discrimination named only Defendant American in the caption, but alleged in the body that "principally through, Mike Baum, but through certain others as well, [Defendant] has acted maliciously and willfully to harass and injure me by failing and refusing to make reasonable accommodation for my disability, ignoring my requests and the advise of my doctors."  Defendant's Request for Judicial Notice, Ex. A. at 2.  Plaintiff signed this statement on December 18, 2003.  Plaintiff's later administrative charge of retaliation named only American in the caption and in the body, and was dated April 9, 2004.  Defendant's Request for Judicial Notice, Ex. B.

On February 11, 2005, Defendant removed the action to federal court on grounds of diversity jurisdiction and fraudulent joinder of Mr. Griffin.

According to a declaration submitted by Plaintiff's attorney, "[i]n or about March 2005, Plaintiff became aware of the true identity of the individual she alleges retaliated against her," i.e. Mr. Baum. Mente Decl. ¶ 6. Plaintiff provides no details or explanation as to how she learned that Mr. Baum was this individual.

Plaintiff filed a purported "Petition to Substitute Fictitious Name" on March 7, 2005. The Court denied the petition without prejudice to refiling as a motion for leave to amend her complaint in conformance with Federal Rule of Civil Procedure 15(a) and Civil Local Rule 10-1.

Plaintiff filed the instant motion on May 20, 2005. In the proposed FAC, she alleges that Mr. Baum is "the individual responsible for reinstating employees," and that she made several unsuccessful attempts to engage Defendant and Mr. Baum in an interactive process. Proposed FAC ¶¶ 28, 33. The proposed FAC contains no other specific allegations against Mr. Baum.

## LEGAL STANDARD

Federal Rule of Civil Procedure 15(a) provides that leave of the court allowing a party to amend its pleading "shall be freely given when justice so requires." Leave to amend lies within the sound discretion of the trial court, which discretion "must be guided by the underlying purpose of Rule 15 to facilitate decision on the merits, rather than on the pleadings or technicalities." United States v. Webb, 655 F.2d 977, 979 (9th Cir. 1981) (citations omitted). Thus, Rule 15's policy of favoring amendments to pleadings should be applied with "extreme liberality." Id.; DCD

Programs, Ltd. v. Leighton, 833 F.2d 183, 186 (9th Cir. 1987) (citations omitted).

The Supreme Court has identified four factors relevant to whether a motion for leave to amend should be denied: undue delay, bad faith or dilatory motive, futility of amendment, and prejudice to the opposing party. Foman v. Davis, 371 U.S. 178, 182 (1962). The Ninth Circuit holds that these factors are not of equal weight; specifically, delay alone is insufficient ground for denying leave to amend. Webb, 655 F.2d at 980. Further, the "liberality in granting leave to amend is not dependent on whether the amendment will add causes of action or parties." DCD Programs, 833 F.2d at 186. Rather, the court should consider whether the proposed amendment would cause the opposing party undue prejudice, is sought in bad faith, or constitutes an exercise in futility. Id. (citing Acri v. Int'l Ass'n of Machinists & Aerospace Workers, 781 F.2d 1393, 1398-99 (9th Cir. 1986); United States v. City of Twin Falls, 806 F.2d 862, 876 (9th Cir. 1986); Howey v. United States, 481 F.2d 1187, 1190-91 (9th Cir. 1973); Klamath-Lake Pharm. Ass'n v. Klamath Med. Serv. Bureau, 701 F.2d 1276, 1293 (9th Cir. 1983)).

Prejudice typically arises where the opposing party is surprised with new allegations which require more discovery or will otherwise delay resolution of the case. See, e.g., Acri, 781 F.2d at 1398-99; Guthrie v. J.C. Penney Co., 803 F.2d 202, 210 (5th Cir. 1986). The party opposing the motion bears the burden of showing prejudice. DCD Programs, 833 F.2d at 186; Beeck v. Aquaslide 'N' Dive Corp., 562 F.2d 537, 540 (8th Cir. 1977).

DISCUSSION

Defendant opposes the motion for leave to file the FAC on grounds of undue delay and futility. Plaintiff did not file a reply to Defendant's opposition.

I. Undue Delay

Other than a vague declaration by counsel, Plaintiff has provided no justification for her delay in naming Mr. Baum as a Defendant. It is clear, based on her administrative complaint for disability discrimination, that Plaintiff knew who Mr. Baum was prior to filing the complaint. Cf. Cal. Code Civ. P. § 474 (allowing amendment to add true name of Doe defendant so designated when plaintiff is "ignorant" of the Doe's true name); see also Woo v. Superior Court, 75 Cal. App. 4th 169, 177 (1999) (holding that § 474 requires that the plaintiff have been "genuinely ignorant" of the Doe's identity at the time of filing original complaint) (citing Optical Surplus, Inc., v. Superior Court, 228 Cal. App. 3d 776, 783-84 (1991)). Notably absent from the motion is any explanation of how Plaintiff could have known of Mr. Baum's identity and his discriminatory acts, but not realized until March, 2005, that it was he who retaliated against her.

At the hearing, Plaintiff's counsel explained that Mr. Baum's identification was prompted by a February 8, 2005 declaration by Mr. Griffin, explaining that his contact with Plaintiff was very limited. However, this declaration does not mention Mr. Baum or otherwise reveal previously unknown information about Mr. Baum's alleged involvement.

Therefore, the Court finds that Plaintiff unduly delayed

5

naming Mr. Baum as a defendant in this case.

II. Futility

Defendant argues that the proposed claim against Mr. Baum is barred because <u>inter alia</u> Plaintiff failed to exhaust her administrative remedies. In order to bring a claim under FEHA, plaintiffs must first file a verified complaint with the DFEH and receive a "right to sue" notice. Cal. Gov't Code §§ 12960, 12965. Plaintiffs must name the alleged defendants either in the caption or the body of the complaint filed with the DFEH. Cal. Gov. Code §§ 12960, 12965(b); <u>see</u> <u>Medix Ambulance Serv., Inc. v. Superior Court</u>, 97 Cal. App. 4th 109, 118 (2002)(sustaining demurrer when plaintiff failed to name defendants in either the caption or the body of the FEHA complaint); <u>Cole v. Antelope Valley Union High Sch. Dist.</u>, 47 Cal. App. 4th 1505, 1515 (1996). Exhaustion of this administrative remedy is a necessary prerequisite to bringing a FEHA suit. <u>Rojo v. Kliger</u>, 52 Cal. 3d 65, 83 (1990).

Plaintiff clearly filed her April, 2004, administrative claim for retaliation against American only. Nowhere in the caption or body did she refer to Mr. Baum, Mr. Griffin or any individual Doe defendant. At the hearing, counsel for Plaintiff conceded that she had not yet exhausted her administrative remedies with respect to her claim against Mr. Baum for retaliation.

CONCLUSION

For the foregoing reasons, the Court DENIES Plaintiff's motion for leave to file the proposed FAC (Docket No. 16). Defendant's

6

request for judicial notice is GRANTED (Docket No. 5).  If, upon exhausting her administrative remedies, Plaintiff chooses to file a second motion to amend her complaint, she should allege the causal link between her protected activity and Mr. Baum's alleged adverse employment action, and support her motion to amend with a declaration explaining how and when she learned of Mr. Baum's involvement.

IT IS SO ORDERED.

Dated: 7/21/05

CLAUDIA WILKEN
United States District Judge